UNITED STATES DISTRICT COURT

Northern District of California

UNITED STATES OF AMERICA,

         Plaintiff,

  v.

DEBRA SEAMAN,

         Defendant.
_____/

No. C 99-1231 MEJ

**ORDER DENYING DEFENDANT'S CLAIM OF EXEMPTION**

In June 1999, a default judgment was entered against Defendant Debra Seaman in a student loan debt collection action in the amount of $6,452.01. On October 24, 2011, Plaintiff moved for a writ of continuing garnishment, which the Court ordered on November 2, 2011. Plaintiff has now filed an "Objection to Garnishee's Answer and Request for Hearing." In her request, Plaintiff states that the debt has been mis-characterized because she understood it to be a grant, not a loan. Plaintiff states that her prison counselor informed her that the funding was a grant for cosmetology school, and that she would not have to repay it.

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). The garnishee is required to answer a writ of garnishment within 10 days of service of the writ. 28 U.S.C. § 3205(c)(2), (4). A judgment debtor or the United States may "file a written objection to the answer of a garnishee and request a hearing." 28 U.S.C. § 2805(c)(5). Similarly, the United States or the debtor "may request a hearing on the applicability of any exemption claimed by the debtor." 28 U.S.C. § 3014(b)(2). A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that she is entitled to the

1 exemption. 28 U.S.C. § 3014(b)(2).

2     Here, the fact that Defendant believes her loan was a grant is insufficient to establish an
3 exemption. "It is well established, in the absence of fraud, overreaching or excusable neglect, that
4 one who signs an instrument may not avoid the impact of its terms on the grounds that he failed to
5 read the instrument before signing it." *RONDAS v Y.M.C.A. of Metropolitan*, 17 Cal App 4th 158,
6 163 (1993) (citing *Hulsev v. Elsinore Parachute Center*, 168 Cal. App. 3d 333, 339 (1985)). Further,
7 while the Court is sympathetic to Defendant's financial plight, poverty does not constitute a defense
8 to a writ of garnishment. *United States v. McGhee*, 2007 WL 4326807, *1 (E.D. Mich. 2007).
9 Accordingly, the Court DENIES Defendant's request.

10     However, the Court recognizes that what started as a $2,652.33 student loan debt has
11 increased to over $10,000, and Defendant has shown that her financial situation presents a hardship in
12 terms of payments on the debt. According, the Court ORDERS the parties to meet to determine
13 whether the government is amenable to working out a reasonable payment plan going forward. In
14 addition, if the government has discretion to waive any of the accrued interest on Defendant's loan, or
15 if the government can waive part of the debt based on financial hardship, it shall attempt to do so.
16 The government shall provide Defendant any necessary forms and instructions to make a request for
17 a hardship waiver. Defendant should be mindful that this Order in no way excuses her from any debt
18 obligations already incurred, unless the government grants a waiver. And, to avoid possible future
19 garnishments, Defendant would be well served by working with the government to ensure payment of
20 her debt.

21     **IT IS SO ORDERED.**

22

23 Dated: November 29, 2011

24                                                         _____
                                                        Maria-Elena James
                                                        Chief United States Magistrate Judge

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

SEAMAN,

        Defendant.
_____/

Case Number: CV99-01231 MAG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Debra Seaman
1526 Hudson St
San Francisco, CA 94124

Dated: November 29, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

3