1

2

3

4           UNITED STATES  DISTRICT COURT

5              Northern District of California

6

7   UNITED STATES OF AMERICA,                    No. C 99-1231 MEJ

8                    Plaintiff,          **ORDER DENYING DEFENDANT'S
                                          CLAIM OF EXEMPTION**
        v.
9
    DEBRA SEAMAN,
10
                     Defendant.
11   _____/

12

13         In June 1999, a default judgment was entered against Defendant Debra Seaman in a student

14   loan debt collection action in the amount of $6,452.01.  On October 24, 2011, Plaintiff moved for a

15   writ of continuing garnishment, which the Court ordered on November 2, 2011.  Plaintiff has now

16   filed an "Objection to Garnishee's Answer and Request for Hearing."  In her request, Plaintiff states

17   that the debt has been mis-characterized because she understood it to be a grant, not a loan.  Plaintiff

18   states that her prison counselor informed her that the funding was a grant for cosmetology school, and

19   that she would not have to repay it.

20         "A court may issue a writ of garnishment against property (including nonexempt disposable

21   earnings) in which the debtor has a substantial nonexempt interest and which is in the possession,

22   custody, or control of a person other than the debtor, in order to satisfy the judgment against the

23   debtor."  28 U.S.C. § 3205(a).  The garnishee is required to answer a writ of garnishment within 10

24   days of service of the writ.  28 U.S.C. § 3205(c)(2), (4).  A judgment debtor or the United States may

25   "file a written objection to the answer of a garnishee and request a hearing."  28 U.S.C. § 2805(c)(5).

26   Similarly, the United States or the debtor "may request a hearing on the applicability of any

27   exemption claimed by the debtor."  28 U.S.C. § 3014(b)(2).  A judgment debtor that claims

28   exemption from a writ of garnishment bears the burden of proving that she is entitled to the

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  exemption. 28 U.S.C. § 3014(b)(2).

2  Here, the fact that Defendant believes her loan was a grant is insufficient to establish an

3  exemption. "It is well established, in the absence of fraud, overreaching or excusable neglect, that

4  one who signs an instrument may not avoid the impact of its terms on the grounds that he failed to

5  read the instrument before signing it." *RONDAS v Y.M.C.A. of Metropolitan*, 17 Cal App 4th 158,

6  163 (1993) (citing *Hulsev v. Elsinore Parachute Center*, 168 Cal. App. 3d 333, 339 (1985)).  Further,

7  while the Court is sympathetic to Defendant's financial plight, poverty does not constitute a defense

8  to a writ of garnishment.  *United States v. McGhee*, 2007 WL 4326807, *1 (E.D. Mich. 2007).

9  Accordingly, the Court DENIES Defendant's request.

10  However, the Court recognizes that what started as a $2,652.33 student loan debt has

11  increased to over $10,000, and Defendant has shown that her financial situation presents a hardship in

12  terms of payments on the debt.  According, the Court ORDERS the parties to meet to determine

13  whether the government is amenable to working out a reasonable payment plan going forward.  In

14  addition, if the government has discretion to waive any of the accrued interest on Defendant's loan, or

15  if the government can waive part of the debt based on financial hardship, it shall attempt to do so.

16  The government shall provide Defendant any necessary forms and instructions to make a request for

17  a hardship waiver.  Defendant should be mindful that this Order in no way excuses her from any debt

18  obligations already incurred, unless the government grants a waiver.  And, to avoid possible future

19  garnishments, Defendant would be well served by working with the government to ensure payment of

20  her debt.

21  **IT IS SO ORDERED.**

22

23  Dated: November 29, 2011

24  _____
    Maria-Elena James
    Chief United States Magistrate Judge

25

26

27

28

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

  v.

SEAMAN,

        Defendant.

_____/

Case Number: CV99-01231 MAG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Debra Seaman
1526 Hudson St
San Francisco, CA 94124

Dated: November 29, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

UNITED STATES DISTRICT COURT
For the Northern District of California

3